UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAR PILOTS BENEVOLENT AND PROTECTIVE ASSOCIATION,<br><br>     Plaintiff,<br><br>     v.<br><br>PILOT VESSEL GOLDEN GATE, OFFICIAL NUMBER 990713, et al.,<br><br>     Defendants. | Case No.  25-cv-04413-AGT<br><br>**ORDER RE: MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 27 |

For several reasons, the Court questions whether the *in rem* defendant, Pilot Vessel Golden Gate, Official No. 990713, is an appropriate defendant.

- Plaintiff doesn't seek any relief from the Vessel. Rather, Plaintiff seeks only a declaration that a preferred mortgage, held by the *in personam* defendant or its predecessor, is no longer in force because Plaintiff paid off the loan that the mortgage secured. *See* Dkt. 14, FAC ¶ 17.

- Plaintiff never served the Vessel with process.

- Plaintiff seeks default judgment against the *in personam* defendant but not

against the *in rem* defendant. Dkt. 27 at 1.

The Court won't enter judgment against a defaulting defendant (here the *in personam* defendant) "until the matter has been adjudicated with regard to all defendants." *Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012) (quoting another source). If Plaintiff has claims against the Vessel, Plaintiff must proceed with them. If there are no such claims, Plaintiff should either voluntarily dismiss all claims against the *in rem* defendant or explain why dismissal isn't warranted by June 12, 2026.

For the avoidance of doubt, the Court notes that even without the Vessel as a defendant, it will have subject-matter jurisdiction to resolve the dispute. As noted above, Plaintiff seeks a declaration that the *in personam* defendant's preferred mortgage is no longer in force.

> To decide whether federal jurisdiction exists to entertain a claim for declaratory relief, courts follow *Skelly Oil*'s approach to conceptually realign the declaratory judgment parties and claims and analyze them as they would appear in a coercive suit. Thus, if the defendant in a declaratory suit could have sued in federal court, seeking non-declaratory relief on the same claims pressed in the declaratory suit, then federal courts have jurisdiction over the declaratory action.

*Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 182 (2d Cir. 2018) (citation modified); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950)).

When *Skelly Oil*'s test is applied here, it supports federal jurisdiction. If the *in personam* defendant, First-Citizens Bank & Trust Co., brought an action against Plaintiff to enforce the preferred mortgage, the Court would have jurisdiction to adjudicate that claim under the Commercial Instruments and Maritime Liens Act (CIMLA), 46 U.S.C. §§ 31301–31343. Under § 31325(c), district courts have original jurisdiction over claims brought by mortgagees to enforce preferred ship mortgages against mortgagors.

Because First-Citizens "could have sued in federal court, seeking non-declaratory

2

relief on the same claims pressed in the declaratory suit, then federal courts have jurisdiction over the declaratory action." *Leopard*, 896 F.3d at 182.

**IT IS SO ORDERED.**

Dated: June 5, 2026

Alex G. Tse
United States Magistrate Judge